# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| MILTON DEUTSCH, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>HIRERIGHT HOLDINGS CORPORATION, GUY P. ABRAMO, THOMAS M. SPAETH, JAMES CAREY, MARK DZIALGA, PETER FASOLO, JAMES MATTHEWS, PETER MUNZIG, JILL SMART, JOSH FELDMAN, and LISA TROE,<br><br>       Defendants. | No.: 3:24-cv-00371<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MILTON DEUTSCH TO: (1) APPOINT LEAD PLAINTIFF AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL<br><br><u>CLASS ACTION</u> |

# TABLE OF CONTENTS

BACKGROUND .................................................................................................................1

ARGUMENT....................................................................................................................4

    I.     DEUTSCH SHOULD BE APPOINTED LEAD PLAINTIFF ................4

          A.     DEUTSCH IS WILLING TO SERVE AS A CLASS
               REPRESENTATIVE ...................................................................5

          B.     DEUTSCH HAS THE LARGEST FINANCIAL
               INTEREST ...............................................................................6

          C.     DEUTSCH SATISFIES THE REQUIREMENTS OF RULE
               23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ........7

          D.     DEUTSCH WILL FAIRLY AND ADEQUATELY
               REPRESENT THE INTERESTS OF THE CLASS AND IS
               NOT SUBJECT TO UNIQUE DEFENSES ...................................9

    II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE
          APPROVED.................................................................................9

CONCLUSION ...............................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
    68 F. Supp. 3d 800 (E.D. Tenn. 2014) ...................................................................6

*In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*,
    458 F. Supp. 2d 455 (E.D. Mich. 2006) ................................................................6

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
    No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010).........................7

**Statutes**

15 U.S.C. § 77z-1 ..................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ........................................... *passim*

**Rules**

Fed. R. Civ. P. 23...............................................................................................4, 7

Case 3:24-cv-00371    Document 34    Filed 06/03/24    Page 3 of 15 PageID #: 122

Movant Milton Deutsch ("Deutsch") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"):

(a)    appointing Deutsch as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired HireRight Holdings Corporation ("HireRight" or the "Company") securities pursuant and/or traceable to the Offering Documents (defined below) issued in connection with HireRight's October 2021 initial public offering (the "IPO" or "Offering"); and

(b)  approving Deutsch's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Bramlett Law Offices as Liaison Counsel for the Class.

## BACKGROUND

As alleged in the Complaint in the above-captioned action (the "Action"), HireRight provides technology-driven workforce risk management and compliance solutions to a customer base characterized as a "diverse set of organizations, from large-scale multinational businesses to small and medium-sized businesses, across a broad range of industries." The Company offers background screening, verification, identification, monitoring, and drug and health screening services for customers under the HireRight brand name and boasts a purportedly "robust

1

pipeline of opportunities developed by [its] sales team to continue to attract new customers and take share in the market."

On October 6, 2021, HireRight filed a registration statement on Form S-1 with the United States Securities and Exchange Commission ("SEC") in connection with the IPO, which, after an amendment, was declared effective by the SEC on October 28, 2021 (the "Registration Statement").

On November 1, 2021, HireRight filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, collectively with the Registration Statement, the "Offering Documents").

That same day, pursuant to the Offering Documents, HireRight's common stock began publicly trading on the New York Stock Exchange under the ticker symbol HRT.

Pursuant to the Offering Documents, HireRight issued approximately 22. million shares of its common stock to the public at the Offering price of $19.00 per share for proceeds to the Company of approximately $399 million after applicable underwriting discounts and commissions, and before expenses.

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance

2

with the rules and regulations governing its preparation. Specifically, the Offering Documents made false and/or misleading statements and/or failed to disclose that: (i) HireRight was exposed to customers with significant employment and hiring risk and the Company derived greater revenue growth from existing client hiring than from new client hiring; (ii) as a result, the Company's revenue growth was unsustainable to the extent that it relied on the stability of its current customers' hiring and/or the profitability of securing new customers; (iii) accordingly, HireRight had overstated its post-IPO business and/or prospects; and (iv) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On January 19, 2023, Stifel, a brokerage and investment banking firm, downgraded HireRight's stock from a Hold to a Buy, prompting several market analysts to issue publications discussing the downgrade. For example, *Seeking Alpha* reported that Stifel found HireRight to be exposed to large technology firms where there is more acute employment and hiring risk, and that more of the Company's growth comes from existing client hiring than from new.

On this news, HireRight's stock price fell $0.88 per share, or 7.5%, to close at $10.75 per share on January 19, 2023.

3

At the time of the Complaint, HireRight's common stock continued to trade below the $19.00 per share IPO price.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Deutsch and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I. DEUTSCH SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Securities Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal

4

Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

As set forth below, Deutsch satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the Class, and that, as a result, Deutsch should be appointed as Lead Plaintiff.

## A. DEUTSCH IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

On April 4, 2024, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *PRNewswire* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants and advised investors of HireRight securities that they had until June 3, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") 2.

Deutsch has filed the instant motion pursuant to the Notice and has attached a signed Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. 3. Accordingly, Deutsch satisfies the first requirement to serve as Lead Plaintiff of the Class.

5

### B. DEUTSCH HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii). While the Sixth Circuit has not adopted a specific approach to calculating the largest financial interest, courts have typically appointed lead plaintiffs on the basis of having the largest loss. *See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and holding that said movant had the largest financial interest); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (explaining that Congress hoped that selecting plaintiffs with the largest financial loss would lead to plaintiffs with the largest financial interest being appointed).

Pursuant or traceable to the IPO, Deutsch: (i) purchased 1,000 shares of HireRight stock; (ii) expended $19,000 on his purchases of HireRight stock; and (iii) as a result of the disclosure of the alleged wrongdoing at issue, suffered a loss of $4,660.  *See* Lieberman Decl., Ex. 1.

Deutsch is not aware of any other movant that has a larger financial interest in the Action.  Accordingly, Deutsch satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

6

### C. DEUTSCH SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure" ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Deutsch satisfies the requirements of Rule 23 is sufficient. *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *5 (W.D. Tenn. Dec. 15, 2010). Moreover, "Rule 23 establishes two requirements for appointing a lead plaintiff . . . 'typicality' and 'adequacy.'" *Id.*

Deutsch fulfills the requirements of Rule 23. Deutsch's claims share substantially similar questions of law and fact with the members of the Class, and his claims are typical of those of the members of the Class. Deutsch and all

7

members of the Class allege that Defendants violated the federal securities laws by failing to disclose material facts about HireRight's business and financial condition. Deutsch, as did all of the members of the Class, purchased or otherwise acquired HireRight securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Deutsch is an adequate representative for the Class. As set forth in greater detail below, Deutsch has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). Moreover, there is no antagonism between the interests of Deutsch and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.

Thus, the close alignment of interests between Deutsch and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute the Action on behalf of the Class, provide ample reasons to grant Deutsch's motion to serve as Lead Plaintiff.

8

### D. DEUTSCH WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing Deutsch as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Deutsch's ability, and his desire, to represent the Class fairly and adequately is discussed above. Deutsch is not aware of any unique defenses Defendants could raise against him that would render Deutsch inadequate to represent the Class. Accordingly, the Court should appoint Deutsch as Lead Plaintiff for the Class.

### II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Deutsch has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class

action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Lieberman Decl., Ex. 4. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.—Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id*.

Deutsch has also selected Bramlett Law Offices as Liaison Counsel for the Class. Paul Kent Bramlett and Robert Preston Bramlett of Bramlett Law Offices of Nashville regularly practice in the Middle District of Tennessee, have handled numerous class actions in all district courts of Tennessee, are admitted to practice in the Middle District, and can ably serve the Class if so appointed. *See* Lieberman Decl., Ex. 5.

As a result of both firms' experience in litigation involving issues similar to those raised in the Action, Deutsch's counsel have the skills and knowledge to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving Deutsch's selection of Lead Counsel and Liaison Counsel, the

members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Deutsch respectfully requests that the Court issue an Order: (1) appointing Deutsch as Lead Plaintiff; and (2) approving Lead Plaintiff's selection of Pomerantz as Lead Counsel and Bramlett Law Offices as Liaison Counsel.

Dated: June 3, 2024

Respectfully submitted,

*/s/Paul Kent Bramlett*
BRAMLETT LAW OFFICES
PAUL KENT BRAMLETT
TN SUP CT #7387/MS SUP CT #4291
ROBERT PRESTON BRAMLETT
TN SUP CT #25895
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Telephone: 615.248.2828
Facsimile: 866.816.4116
PKNASHLAW@aol.com
Robert@BramlettLawOffices.com

*Counsel for Milton Deutsch and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100

11

Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Milton Deutsch and*
*Proposed Lead Counsel for the Class*

12