MILTON DEUTSCH, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

        v.

HIRERIGHT HOLDINGS CORPORATION,
GUY P. ABRAMO, THOMAS M. SPAETH,
JAMES CAREY, MARK DZIALGA, PETER
FASOLO, JAMES MATTHEWS, PETER
MUNZIG, JILL SMART, JOSH FELDMAN,
and LISA TROE,

                Defendants.

Case No.: 3:24-cv-00371

Hon. Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair Newbern

<u>CLASS ACTION</u>

## <u>RESPONSE TO THE MOTION OF MILTON DEUTSCH TO (1) APPOINT LEAD PLAINTIFF AND (2) APPROVE LEAD PLAINTIFF'S SELECTION COUNSEL</u>

Defendants HireRight Holdings Corporation ("HireRight"), Guy P. Abramo, Thomas M. Spaeth, James Carey, Mark Dzialga, Peter Fasolo, James Matthews, Peter Munzig, Jill Smart, Josh Feldman, and Lisa Troe file this response to the Motion of Milton Deutsch to (1) Appoint Lead Plaintiff and (2) Approve Lead Plaintiff's Selection Counsel (ECF No. 33) (the "Motion").

Mr. Deutsch is the only shareholder who has filed a motion under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4, to represent the putative class as lead plaintiff. Mr. Deutsch, an individual investor, asserts that he is the "largest financial interest in the relief sought by the class" because he purports to have suffered a loss of $4,660. Motion 6. Defendants file this response to request the Court consider whether, given Mr. Deutsch's lack of sufficient financial stake in this litigation, Mr. Deutsch can serve as an adequate lead plaintiff. To the extent the Court determines it is not appropriate to evaluate at this stage, defendant submits

this response to reserve the right to challenge Mr. Deutsch's adequacy and typicality to represent the putative class at a later stage, if appropriate.

The PSLRA creates a presumption that the "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). This requirement helps "prevent[] lawyer-driven litigation" by "ensur[ing] that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs' counsel." *McCormack* v. *Dingdong (Cayman) Ltd.*, 2022 WL 17336586, at *2 (S.D.N.Y. Nov. 30, 2022) (quoting *Peters* v. *Jinkosolar Holding Co.*, 2012 WL 946875, at *4 (S.D.N.Y. Mar. 19, 2012)). The PSLRA therefore reflects a particular policy preference in favor of institutional investors who allegedly suffered significant losses, with the means and incentives to supervise counsel and act in the best interests of the entire proposed class. *Richman* v. *Goldman Sachs Grp, Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011) (allowing plaintiff with small losses to serve as the class representative "would result in a very tiny tail wagging a very large dog").

But, even where, as here, only one shareholder has moved for appointment as lead plaintiff, and therefore has the "largest financial interest," "courts have broad discretion under Rule 23 to determine the adequacy of a proposed lead plaintiff" and have "denied lead plaintiff motions where the stated losses were insufficient to incentivize the moving parties." *Guo* v. *Tyson Foods, Inc.*, 2023 WL 3765052, at *1 (E.D.N.Y. June 1, 2023). *See, e.g.*, *id.* (ruling that sole movant for lead plaintiff who sustained only $323.20 in losses had an insufficient financial interest); *McCormack*, 2022 WL 17336586, at *5 (ruling that sole movant for lead plaintiff who sustained only $504.40 in losses had an insufficient financial interest in driving the litigation, and citing cases where

applicants for lead plaintiff were found inadequate for the same reason); *Bosch* v. *Credit Suisse Grp. AG*, 2022 WL 4285377, at *3–5 (E.D.N.Y. Sept. 12, 2022) (ruling that sole movant for lead plaintiff who sustained only $621 in losses did not have "sufficient interest in the litigation to vigorously pursue the claims of the class").

In the "realm of securities litigation," the loss that Mr. Deustch alleges—$4,660—is a "token amount," *McCormack*, 2022 WL 17336586, at *5.  Courts in other jurisdictions have found that investors with far larger alleged losses are not sufficiently motivated to supervise the litigation and to direct class counsel.  *See In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 310 (S.D.N.Y. 2001) (movant for lead plaintiff, whose "estimated loss was something under $40,000" was deemed inadequate because he was unlikely to provide the "kind of incentive for close supervision of counsel").

Though the Sixth Circuit has not yet addressed whether defendants have standing to raise objections to the appointment of lead plaintiff, courts in other jurisdictions have noted that "nothing in the text of the [PSLRA] precludes or limits the right of defendants to be heard on this issue" and "a therapeutic appointment process such as is envisaged by the PSLRA will work better with more information than less."  *King* v. *Livent, Inc.*, 36 F. Supp. 2d 187, 190–91 (S.D.N.Y. 1999); *see also Tai Jan Bao* v. *SolarCity Corp.*, 2014 WL 3945879, at *2 (N.D. Cal. Aug. 11, 2014) ("The Court has an independent obligation to ensure that the class is represented by an adequate lead plaintiff, and will certainly not disregard evidence suggesting that a movant is not presumptively adequate."); *In re First Union Corp. Sec. Litig.*, 157 F. Supp. 2d 638, 641 (W.D.N.C. 2000) ("Regardless of whether Defendants formally have standing (in which case this Court is obligated to consider their arguments), nothing in the [PSLRA] prevents this Court from considering the arguments raised and authorities cited by Defendants.").

Defendants therefore request the Court consider whether, given Mr. Deutsch's lack of sufficient financial stake in this litigation, Mr. Deutsch can serve as an adequate lead plaintiff. In all events, at this lead plaintiff appointment stage, Defendants reserve the right to challenge Mr. Deutsch's adequacy and typicality to represent the putative class at a later stage under Rule 23 of the Federal Rules of Civil Procedure, as appropriate.

Respectfully submitted by:

/s/ Steven A. Riley
Steven A. Riley (BPR 6258)
Milton S. McGee, III (BPR 24150)
Elizabeth Gonser (BPR 26329)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
Tel: (615) 320-3700
Fax: (615) 320-3738
sriley@rjfirm.com
tmcgee@rjfirm.com
egonser@rjfirm.com

Audra J. Soloway (*pro hac vice*)
Jacobus Schutte (*pro hac vice*)
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3289
Fax: (212) 492-0289
asoloway@paulweiss.com
jschutte@paulweiss.com

*Attorneys for Defendants HireRight Holdings*
*Corporation, Guy P. Abramo, Thomas M.*
*Spaeth, James Carey, Mark Dzialga, Peter*
*Fasolo, James Matthews, Peter Munzig, Jill*
*Smart, Josh Feldman, and Lisa Troe*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system on this 17th day of June 2024 upon the following:

Paul Kent Bramlett
Robert Preston Bramlett
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Telephone: 615.248.2828
Facsimile: 866.816.4116
PKNASHLAW@Aol.Com
Robert@BramlettLawOffices.com

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

/s/ Steven A. Riley