# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| MILTON DEUTSCH, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>HIRERIGHT HOLDINGS CORPORATION, GUY P. ABRAMO, THOMAS M. SPAETH, JAMES CAREY, MARK DZIALGA, PETER FASOLO, JAMES MATTHEWS, PETER MUNZIG, JILL SMART, JOSH FELDMAN, and LISA TROE,<br><br>                    Defendants. | No.: 3:24-cv-00371<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF MILTON DEUTSCH FOR LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL<br><br><u>CLASS ACTION</u> |

Lead Plaintiff Movant Deutsch[1] respectfully submits this Reply Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel for the Class (the "Lead Plaintiff Motion") (Dkt. No. 33).

## ARGUMENT

As a threshold matter, the Defendants have not opposed Deutsch's motion. In the absence of any opposition, Deutsch respectfully submits that his motion should be granted.

Moreover, Deutsch respectfully submits that Defendants lack standing to challenge the appointment of Lead Plaintiffs pursuant to the PSLRA, and the Court should take with a grain of salt the Defendants' purported concern regarding Deutsch's ability to adequately represent the putative class. *See, e.g.*, *Bell v. Ascendant Solutions, Inc.*, No. 3:01-CV-0166-P, 2002 WL 638571, at \*2 (N.D. Tex. Apr. 17, 2002) ("[T]he majority of courts—and this court—have concluded that a defendant does not have standing to object.") (collecting cases). The reasons are obvious: Because "the defendant[] prefer[s] not to be successfully sued by anyone," permitting defendants to "determin[e] whether the 'representative parties will fairly and adequately protect the interests of the class' . . . is a bit like permitting a fox,

---

[1] Unless otherwise specified, all capitalized terms herein are defined in Deutsch's motion brief. Dkt. No. 34.

1

although with a pious countenance, to take charge of the chicken house." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, No. 80-1008, 657 F.2d 890, 895 (7th Cir. 1981) (quoting Fed. R. Civ. P. 23(a)(4)). Although Defendants purport to question Deutsch's adequacy due to the quantum of his alleged investment loss, Deutsch respectfully submits that the Court should be wary of an effort to scuttle the Class's claims at the outset by preventing the appointment of *any* Lead Plaintiff, thereby stymying the purposes of the PSLRA.

Substantively, Defendants' argument is at odds with both federal securities jurisprudence and the facts before the Court. First, the PSLRA is unequivocal in its statutory instruction that, in putative class actions alleging violations of the federal securities laws, courts "*shall* appoint as lead plaintiff" the movant or initial plaintiff that satisfies the statute's "most adequate plaintiff" criteria. 15 U.S.C. § 77z-1(a)(3)(B)(i) (emphasis added). The statutory language ("shall") is mandatory, not discretionary—*i.e.*, it contemplates that a court, if faced with at least one candidate for Lead Plaintiff who meets the PSLRA's criteria, must appoint a Lead Plaintiff from among those candidates. Here, as set forth in more detail in his motion brief, Deutsch satisfies all of the PSLRA's criteria for appointment as Lead Plaintiff— Deutsch timely filed a motion for appointment as Lead Plaintiff on the June 30, 2024 statutory motion deadline (*see* Dkt. No. 34) and, as the only member of the putative Class seeking appointment as Lead Plaintiff, Deutsch by default has the largest

2

financial interest of any applicant.

*Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57 (S.D.N.Y. 2022), is instructive. Under similar circumstances, the *LifeStance* court considered precisely the same argument that the Defendants raise here—namely, that a lead plaintiff movant with a relatively modest investment loss is in effect *per se* inadequate under Rule 23—and rejected it, finding it "at odds with both the text and the purpose of PSLRA, not to mention one of the main purposes of aggregate litigation itself." *Id.* at 64. As the court explained:

> [W]hen Congress enacted the PSLRA, its concern was to curtail the vice of 'lawyer-driven' litigation, *i.e.*, lawsuits that, because of the huge potential fees available in contingent securities fraud actions, were initiated and controlled by the lawyers and appeared to be litigated more for their benefit than for the benefit of the shareholders ostensibly represented. It did this by establishing a competitive process that a qualified, motivated entrant—***perhaps even one with a small personal stake***—might win.
>
> Declining to appoint a movant as lead plaintiff simply because he has little at stake would also be inconsistent with a key purpose of aggregate litigation. The *raison d'etre* of the class action is to bring justice to individual plaintiffs who have meritorious claims but relatively little at stake. ***It would be altogether incongruous to decline to appoint a lead plaintiff simply because the candidate class representatives are the very people who are supposed to benefit from proceeding as a class.***

*Id.* at 65. (Emphases added.) (Internal citations and quotations omitted.)

Accordingly, courts routinely reject the Defendants' argument and appoint even movants with investment losses much smaller than Deutsch's as lead plaintiffs in PSLRA actions. *See, e.g., id.* at 64-65 (appointing lead plaintiff claiming a loss

3

of $385 over defendants' objections, noting that the key purpose of aggregate litigation is to "bring justice to individual plaintiffs who have meritorious claims but relatively little at stake"); *Damri v. LivePerson, Inc.*, No. 23 Civ. 10517 (PAE), 2024 WL 1242510, at *4-5 (S.D.N.Y. Mar. 22, 2024) (appointing lead plaintiff claiming a loss of $375 over defendants' objections, noting "[t]hat [movant's] loss pales before those of lead plaintiffs in other putative securities class actions does not mean he lacks a personal interest in recovering that loss"); *Fagen v. Enviva Inc.*, No. DKC 22-2844, 2023 WL 1415628, at *2-3 (D. Md. Jan. 31, 2023) (appointing lead plaintiff claiming a loss of $721, finding movant's attestations to the court demonstrated his adequacy); *In re Kirkland Lake Gold Ltd. Sec. Litig.*, 20-CV-4953 (JPO), 2020 WL 10692524, at *2 (S.D.N.Y. Sep. 24, 2020) (appointing lead plaintiff claiming a loss of $139, finding that movant's engagement in the litigation "evidence[d] . . . a 'sufficient interest in the outcome of the case,' as required by Rule 23 and notwithstanding his *de minimis* losses").

Here, Deutsch's investment loss of approximately $4,600 is magnitudes larger than the losses claimed by the movants in the foregoing cases, all of whom were found to be adequate under Rule 23. Moreover, whether a given investment loss qualifies as a significant or merely "a token amount," as Defendants claim (Dkt. No. 36 at 3), is a question far too subjective for courts to adjudicate with any meaningful consistency. While $4,600 might mean little to HireRight or its C-Suite executives,

this sum of money was plainly significant enough to Deutsch to motivate him to retain counsel, file this Action and seek appointment as Lead Plaintiff. His active engagement in this litigation to date thus refutes Defendants' suggestion that he is "not sufficiently motivated to supervise the litigation and to direct class counsel." *Id.*

Second, the outcome that Defendants implicitly seek—namely, the appointment of no lead plaintiff at all in this Action—would prejudice the Class by creating confusion or otherwise delaying the prosecution of its securities fraud claims against the Defendants and would likewise be judicially inefficient. Absent any disposition of these claims on the merits, if the Court declines to appoint a Lead Plaintiff in the Action, either Deutsch will continue prosecuting his claims as an individual named Plaintiff without the Lead Plaintiff designation (indeed, nothing in the statute prevents him from doing so) or a substantively identical complaint will most likely be re-filed in a different court. In either event, Defendants' gambit will have accomplished nothing beyond delaying adjudication of the Class's claims and needlessly causing duplicative litigation. The PSLRA plainly was not intended to yield such outcomes, which only underscores the unprecedented nature of what the Defendants ask the Court to do.

### CONCLUSION

For the foregoing reasons, and the reasons set forth in his motion brief (Dkt.

5

No. 34), Deutsch respectfully submits that the Court should disregard Defendants' meritless response and grant his motion in its entirety.

Dated: June 28, 2024        Respectfully submitted,

*/s/ Paul Kent Bramlett*
PAUL KENT BRAMLETT
TN SUP CT #7387/MS SUP CT #4291
ROBERT PRESTON BRAMLETT
TN SUP CT #25895
**BRAMLETT LAW OFFICES**
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Telephone: 615.248.2828
Facsimile: 866.816.4116
PKNASHLAW@aol.com
Robert@BramlettLawOffices.com

*Counsel for Milton Deutsch and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
J. Alexander Hood II (*pro hac vice*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Milton Deutsch and*
*Proposed Lead Counsel for the Class*

6

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date filed the above and foregoing ***Reply Memorandum on Behalf of the Plaintiff*** on the Court's electronic filing system, which serves all opposing counsel as follows:

| | |
|---|---|
| **Steve Riley** | sriley@rjfrim.com |
| **Milton McGee** | tmc@rjfirm.com |
| **Elizabeth Gonser** | egonser@rjfirm.com |
| **Andra Soloway** | asoloway@paulweiss.com |
| **Jacobus Schutte** | jschutte@paulweiss.com |

**SO CERTIFIED this 28th day of June 2024.**

<u>**s/*Paul Kent Bramlett***</u>
**Paul Kent Bramlett**